1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID SEARS,                              No. 2:13-cv-01664-KJM-AC

12              Plaintiff,

13        v.                                   ORDER

14   BANK OF AMERICA, N.A., et al.,

15              Defendants.

16

17              This matter is before the court on the motion to dismiss by defendants Bank of

18   America, Brian T. Moynihan, David C. Darnell, Gary G. Lynch and Thomas K. Montag (ECF 6),

19   in which defendant M&T Bank joins (ECF 9).  The court decided this motion without a hearing.

20   For the following reasons, defendants' motion to dismiss is GRANTED.

21   I.        ALLEGED FACTS AND PROCEDURAL BACKGROUND

22              Plaintiff filed his complaint on August 8, 2013, challenging defendants'

23   foreclosure proceedings against his property located at 1830 Hidden Hills Drive, Roseville,

24   California.  (Compl. ¶ 8.)  Plaintiff brings four causes of action: (1) breach of federal and state

25   homeowners' bill of rights, namely 24 C.F.R. §§ 203.500, 203.604 (HBR); (2) misrepresentation;

26   (3) unfair business practices under California Business and Professions Code section 17200

27   (UCL); (4) and another claim for breach of federal and state homeowners' bill of rights, namely

28   California Civil Code § 2924 (also HBR).

1

1   Defendants filed the instant motion to dismiss on September 9, 2013.  (ECF 6.)

2   Plaintiff filed an opposition five days late on October 16, 2013 (ECF 12), which the court struck

3   because it was not filed fourteen days before the noticed hearing date on the motion to dismiss as

4   required by Local Rule 230(c) (ECF 15).  Defendants replied on October 17, 2013.  (ECF 13.)

5   On November 4, 2013 plaintiff filed a motion to set aside the striking of the

6   opposition or, in the alternative, a request to grant leave to amend in deciding the motion to

7   dismiss.  (ECF 17.)  Accompanying this motion is an affidavit of plaintiff's counsel, in which she

8   attests she was taken seriously ill and filed the opposition as soon as she possibly could.  (ECF

9   16.)  Defendants opposed on November 19, 2013.  (ECF 18.)  The court declines to consider

10   plaintiff's opposition, the consideration of which would not have altered the court's ruling on the

11   instant motion to dismiss in any event; however, as described below, the court grants plaintiff's

12   request for leave to amend.  Accordingly, the court vacates the hearing set for December 6, 2013

13   and denies as moot defendants' request to appear telephonically.  (ECF 19.)

14   II.   STANDARD

15   Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

16   dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

17   dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

18   under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

19   1990).

20   Although a complaint need contain only "a short and plain statement of the claim

21   showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion

22   to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

23   claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

24   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

25   more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

26   conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting

27   *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

28   for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

2

1    its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the

2    interplay between the factual allegations of the complaint and the dispositive issues of law in the

3    action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

4            In making this context-specific evaluation, this court "must presume all factual

5    allegations of the complaint to be true and draw all reasonable inferences in favor of the

6    nonmoving party."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule

7    does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*,

8    478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict

9    matters properly subject to judicial notice," or to material attached to or incorporated by reference

10   into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A

11   court's consideration of documents attached to a complaint or incorporated by reference or matter

12   of judicial notice will not convert a motion to dismiss into a motion for summary judgment.

13   *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

14   III.    <u>ANALYSIS</u>

15           Defendants move to dismiss each of plaintiff's claims for a variety of reasons.

16   First, defendants demur to plaintiff's entire complaint with reference to California Code of Civil

17   Procedure § 430.10(f) because the complaint is "impermissibly vague and uncertain."  (ECF 6 at

18   3.)  Second, defendants assert plaintiff must credibly allege tender.  (*Id.* at 4.)  Third, defendants

19   argue plaintiff's first and fourth causes of action are not cognizable because no actual facts are

20   alleged and because the California HBR does not apply retroactively.  (*Id.* at 5–7.)  Fourth,

21   defendants contend plaintiff's misrepresentation claim should be dismissed because plaintiff does

22   not plead his claim with the required specificity.  (*Id.* at 7.)  Finally, defendants move to dismiss

23   plaintiff's unfair business practices claim under the UCL because plaintiff does not demonstrate

24   any injury or proscribed conduct.  (*Id.* at 10–11.)  The court addresses each of these arguments in

25   turn.

26           A.      Demurrer

27           Under the California Code of Civil Procedure, a defendant may demur to a

28   complaint on the ground that "[t]he pleading is uncertain."  CAL. CODE. CIV. PROC. § 430.10(f).

1   But the Federal Rules of Civil Procedure, not California's, control in federal court.  "[N]o one

2   doubts federal power over procedure."  *Erie v. Tompkins*, 304 U.S. 64, 92 (1938) (Reed, J.,

3   concurring in part).  Even if this court construed defendants' argument as one brought under

4   Federal Rule of Civil Procedure 8(a), plaintiff's complaint is sufficient to give defendants "fair

5   notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]."  *Twombly*,

6   550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).

7       B.      Tender

8              Defendants' argument that plaintiff is required to allege ability to tender

9   before he can pursue his claims is also unavailing.  This court has previously made clear its

10  position that tender is required only when a foreclosure sale already has occurred and the plaintiff

11  alleges irregularities in the foreclosure sale procedure.  *McGarvey v. JPMorgan Chase Bank,*

12  *N.A.*, No. 2:13-CV-01099-KJM, 2013 WL 5597148, at *11 (E.D. Cal. Oct. 11, 2013); *see also*

13   *Ohlendorf v. Am. Home Mortg. Servicing*, 279 F.R.D. 575, 580 (E.D. Cal. 2010) (tender is

14  required only when plaintiff seeks to set aside a foreclosure sale); *Nugent v. Fed. Home Loan*

15  *Mortg. Corp.*, No. CIV. S–09–2081 LKK/EFB, 2013 WL 1326425, at *7 (E.D. Cal. Mar. 29,

16  2013) (same).  In the instant case, there is no indication that a foreclosure sale has occurred.

17      C.      Federal and California HBR

18             Defendants argue plaintiff's HBR claims should be dismissed because there is in

19  fact no federal HBR, the California HBR does not apply retroactively, and plaintiff's claims are

20  not supported by a single fact.  (ECF 6 at 5–7.)

21             1.      Federal HBR

22             Defendants are correct that no statute establishes a federal HBR.  Plaintiff's single

23  reference to federal law is in his first HBR claim, in which he asserts defendants "failed to

24  complying [sic] with the Department of Housing and Urban Development (HUD) servicing

25  regulations, including face to face interview, as a condition precedent to foreclosing on property

26  . . . where deed of trust stated that mortgages were not authorized to foreclose on property if not

27  permitted by HUD regulations."  (Compl. ¶ 13 (citing 24 C.F.R. §§ 203.500, 203.604; *Pfeiffer v.*

28  *Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250 (2012)).)

4

1          Title 24 of the Code of Federal Regulations § 203.604(b) does require a mortgagee

2   to have a face-to-face interview with a mortgagor, or to make a "reasonable effort" to arrange

3   such a meeting, before three full monthly installments due on the mortgage are unpaid.  Several

4   exceptions to this requirement exist, including when "[t]he mortgagor does not reside in the

5   mortgaged property."  24 C.F.R. § 203.604(c)(1).  Plaintiff pleads no facts in support of his first

6   claim; he does not say whether he resides on the property or what the deed of trust states.  Instead,

7   plaintiff simply asserts in a conclusory manner that defendants failed to comply with the federal

8   regulations, which is insufficient to meet federal pleading standards.  *Iqbal*, 556 U.S. at 678.

9   Plaintiff's first claim, insofar as it is premised on violation of federal law, is dismissed with leave

10  to amend.

11          2.      California HBR

12          Defendants seek to dismiss plaintiff's first and fourth causes of action because

13  California's HBR, contained in the Civil Code, does not apply retroactively.  (ECF 6 at 6.)

14  Defendants maintain plaintiff's allegations concern conduct predating the passage of the HBR,

15  which took effect on January 1, 2013.  (*Id.*)

16          In California, no part of the Civil Code applies retroactively unless "expressly so

17  declared."  CAL. CIV. CODE § 3; *Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1209 (1988)

18  ("[A] statute will not be applied retroactively unless it is very clear from extrinsic sources that the

19  Legislature or the voters must have intended a retroactive application.").

20          The HBR contains no language explicitly making it retroactive and no extrinsic

21  source indicates the Legislature intended to make it retroactive.  *See Michael J. Weber Living*

22  *Trust v. Wells Fargo Bank, N.A.*, No. 13-CV-00542-JST, 2013 WL 1196959, at *4 (N.D. Cal.

23  Mar. 25, 2013) (HBR does not apply to events occurring before January 1, 2013).  Because

24  plaintiff does not plead exact dates on which defendants' allegedly unlawful conduct occurred,

25  the court cannot discern which of plaintiff's allegations may survive.  Additionally, plaintiff states

26  only in a conclusory manner that defendants violated the HBR, without providing any facts.

27  Accordingly, the court dismisses plaintiff's first and fourth claims with leave to amend.

28  /////

D.     Misrepresentation

Under California law, the elements of misrepresentation are: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007).  Although state law controls the substantive elements of plaintiff's claim for misrepresentation, plaintiff "must still meet the federal standard to plead [misrepresentation] with particularity." *Sato*, 2011 WL 2784567, at *9 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

When a party pleads common law fraud, Federal Rule of Civil Procedure 9(b) requires "more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  The purpose of Rule 9(b)'s heightened pleading standard is to "give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so they can defend against the charge and not just deny that they have done nothing wrong." *Id.* (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotations omitted).  When suing multiple defendants, a plaintiff must "at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Id.* at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Defendants correctly argue that plaintiff's misrepresentation claim is not adequately pled.  First, plaintiff does not plead facts sufficient to meet the elements of a fraud claim.  He states merely that Nancy Johnson and John Pankow "confirmed that they were authorized to speak on behalf of Defendants" and told plaintiff that his "home was not in foreclosure proceedings" when in fact it was, that these defendants knew this fact, and that he suffered various injuries like additional fees.  (Compl. ¶ 15.)  Plaintiff provides no other facts, however, to suggest his reliance was justifiable.  Second, plaintiff does not provide the time and

/////

1  place of defendants' alleged misrepresentations, nor does he describe who Nancy Johnson and

2  John Pankow are.  (Compl. ¶¶ 14–18.)  Plaintiff's second claim is dismissed with leave to amend.

3     E.     Unfair Business Practices

4     California's UCL prohibits "any unlawful, unfair or fraudulent business act or

5  practice and unfair, deceptive, untrue or misleading advertising."  CAL. BUS. & PROF. CODE

6  § 17200.  An act violates the UCL if it is "unlawful," "unfair" or "fraudulent."  *Rubio v. Capitol*

7  *One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010).  To assert a UCL claim, a plaintiff must have

8  "'suffered injury in fact and . . . lost money or property as a result of the unfair competition.'"

9  *Rubio*, 613 F.3d at 1203–04 (quoting CAL. BUS. & PROF. CODE § 17204) (original alteration).

10     Plaintiff appears to allege that defendants violated the UCL's unfairness prong.  To

11  state a claim under this prong, a plaintiff must show either (1) "a practice that undermines a

12  legislatively declared policy or threatens competition," or (2) "a practice that has an impact on its

13  alleged victim that outweighs the reasons, justifications, and motives of the alleged wrongdoer."

14  *Busalacchi v. Ariz. Pub. Serv. Co.*, No. 12-CV-00298-H-RBB, 2012 WL 3069948, at *5 (S.D.

15  Cal. July 27, 2012) (citing *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir.

16  2007)).  "Unfair behavior is that which is 'immoral, unethical, oppressive, unscrupulous or

17  substantially injurious to consumers.'" *Id.* (quoting *Bardin v. Daimlerchrysler Corp.*, 136 Cal.

18  App. 4th 1255, 1260 (2006)).

19     Defendants correctly assert that plaintiff's UCL claim is not sufficiently pled

20  because plaintiff does not point to an injury in fact and also does not support with sufficient facts

21  his conclusory allegations that defendants committed unfair acts.  (ECF 6 at 10; *see* Compl.

22  ¶¶ 14–18.)  *See Rubio*, 613 F.3d at 1203–04 (plaintiff must plead injury in fact).  Moreover,

23  plaintiff does not plead sufficient facts to support his various allegations of unfair practices.  For

24  example, plaintiff's allegations under this claim state only in a conclusory manner that defendants

25  engaged in double tracking.  (Compl. ¶ 20.)  No facts accompany this allegation to make the

26  claim plausible on its face.  *Iqbal*, 556 U.S. at 678.  Plaintiff's third claim is dismissed without

27  prejudice.

28  /////

7

1    IV.    <u>CONCLUSION</u>

2           For the foregoing reasons, defendants' motion is GRANTED.  (ECF 6.)  Plaintiff's

3    request for leave to amend is also GRANTED.  (ECF 17.)  Plaintiff must file an amended

4    complaint consonant with Federal Rule of Civil Procedure 11 within twenty-one days of the date

5    of this order.

6           IT IS SO ORDERED.

7    Dated:  November 26, 2013.

8

9

10    _____
      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28