David C. Powell (SBN 129781)
Email: dpowell@reedsmith.com
Carolee A. Hoover (SBN 282018)
Email: choover@reedsmith.com
Alice E. Choy (SBN 286596)
Email: achoy@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
Bank of America, N.A. (sued erroneously as
"Bank of America"), Brian T. Moynihan, David
C. Darnell, Gary G. Lynch, and Thomas K.
Montag

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SEARS,<br><br>            Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA; M AND T BANK; BRIAN T. MOYNIHAN, DAVID C. DARNELL, GARY G. LYNCH, THOMAS K. MONTAG and Does I-XX et. al.,<br><br>            Defendants. | No.: 2:13-cv-01664-KJM-AC<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**<br><br>**[FED. R. CIV. PROC. 12(B)(6)]**<br><br>Date:        March 14, 2014<br>Time:       10:00 a.m.<br>Place:       Courtroom 3, 15th Floor<br><br>Compl. Filed:  August 8, 2013<br>FAC Filed:     December 17, 2013<br><br>Honorable Kimberly J. Mueller |

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on February 28, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 3 of the above-entitled Court of the United District Court for the Eastern District of California, located at 501 I Street, Suite 4-200, Sacramento, California, 95814, defendants Bank of America, N.A. (sued erroneously as "Bank of America"), Brian T. Moynihan, David C. Darnell, Gary G. Lynch, and Thomas K. Montag (collectively "Defendants") will and hereby move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the First Amended Complaint filed in this action by Plaintiff David Sears ("Plaintiff") and to each of the causes of action asserted therein against Defendants on the grounds that the First Amended Complaint fails to state any claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, Defendants' Request for Judicial Notice filed concurrently herewith, the operative First Amended Complaint and pleadings on file with the Court in this matter, and any other evidence or oral argument that the Court may consider in connection with this Motion to Dismiss.

Pursuant to Judge's Standing Order, on September 6, 2013, Defendants' counsel has spoken with Plaintiff's counsel via telephone to discuss the Motion and potential resolution. Currently, meet and confer efforts are ongoing, but Defendants file their motion in compliance with the deadline set by the Fed. R. Civ. Proc. 12.

DATED: January 3, 2014          REED SMITH LLP


By:   */s/ Alice E. Choy*
   Alice E. Choy
   Attorneys for Defendants
   Bank of America, N.A. (sued erroneously as "Bank of America"), Brian T. Moynihan, David C. Darnell, Gary G. Lynch, and Thomas K. Montag

# **TABLE OF CONTENTS**

**Page**

I . INTRODUCTION ........................................................................................................................ 1

II . FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY .......................................... 1

III . LEGAL STANDARD ................................................................................................................ 2

IV . LEGAL ANALYSIS ................................................................................................................. 3

    A. Plaintiff's First Cause of Action for Violation of Contractual Rights Pursuant to HAMP Fails As A Matter of Law ............................................................. 3

        1. Plaintiff Fails to Allege a Violation of HBR and His Claims are Still Insufficiently Pled ........................................................................................ 4

            a. HBR Does Not Apply Retroactively ................................................... 4

            b. Plaintiff's HBR Claims Remain Insufficiently Pled ........................... 5

        2. HAMP Does Not Provide A Private Right of Action ..................................... 5

        3. Plaintiff Is Not An Intended Beneficiary Of HAMP ...................................... 6

    B. Plaintiff's UCL Claim Fails For Lack of Any Injury In Fact Or Proscribed Conduct ............................................................................................................................ 7

        1. Plaintiff Lacks Standing To Assert A UCL Claim .......................................... 7

        2. Plaintiff's UCL Claim Also Fails Because It Is Insufficiently Pled ............... 7

V . CONCLUSION ........................................................................................................................... 8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
    988 F.2d 1157 (Fed. Cir. 1993) ................................................................................................ 2

*Anderson v. Angelone*,
    86 F.3d 932 (9th Cir. 1996) ..................................................................................................... 3

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ............................................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................. 2

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994), <u>overruled on other grounds by</u> *Galbraith v. County of Santa Clara*,
    307 F.3d 1119 (9th Cir. 2002) ................................................................................................. 3

*Chabner v. United of Omaha Life Ins. Co.*,
    225 F.3d 1042 (9th Cir. 2000) ................................................................................................. 7

*Clegg v. Cult Awareness Network*,
    18 F.3d 752 (9th Cir. 1994) ..................................................................................................... 2

*County of Santa Clara v. Astra USA, Inc.*,
    588 F.3d 1237 (9th Cir. 2009) ................................................................................................. 6

*Dumas v. Kipp*,
    90 F.3d 386 (9th Cir. 1996) ................................................................................................ 3, 4

*Escobedo v. Countrywide Home Loans, Inc.*,
    2009 WL 4981618 (S.D. Cal. 2009) ........................................................................................ 6

*Evangelatos v. Superior Court*,
    44 Cal. 3d 1188 (1988) ............................................................................................................ 4

*Gonzalez v. First Franklin Loan Servs.*,
    2010 WL 144862 (E.D. Cal. 2010) .......................................................................................... 6

*Ileto v. Glock Inc.*,
    349 F.3d 1191 (9th Cir. 2003) ................................................................................................. 2

*In re Marriage of Bouquet*,
    16 Cal. 3d 583 (1976) .............................................................................................................. 4

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ............................................................................................................. 8

*Kasky v. Nike, Inc.*,
    27 Cal. 4th 939 (2002) ............................................................................................................. 8

*Khoury v. Maly's of Cal.*,
    14 Cal. App. 4th 612 (1993) .................................................................................................... 8

*King v. California*,
    784 F.2d 910 (9th Cir. 1986) ................................................................................................... 2

*Klamath Water Users Protective Ass'n v. Patterson*,
    204 F.3d 1206 (9th Cir. 2000) ................................................................................................. 6

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ........................................................................................................... 8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) ................................................................................................. 2

*Michael J. Weber Living Trust v. Wells Fargo Bank*,
   2013 WL 1196959 (N.D. Cal. 2013) ...................................................................................... 4

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ................................................................................................. 2

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ............................................................................................................... 2

*People v. Whaley*,
   160 Cal. App. 4th 779 (2008) ................................................................................................ 4

*Pfizer Inc. v. Super. Ct.,*,
   182 Cal. App. 4th 622 (2010) ................................................................................................ 7

*R&B Auto Ctr., Inc. v. Farmers Grp., Inc.*,
   140 Cal. App. 4th 327 (2006) ................................................................................................ 7

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 ........................................................................................................................... 2

*Santos v. Countrywide Home Loans*,
   2009 WL 3756337 (E.D. Cal. 2009) ...................................................................................... 6

*Schwartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................................. 3

*Scripps Clinic v. Super. Ct.,*,
   108 Cal. App. 4th 917 (2003) ................................................................................................ 8

*United States v. Security Indus. Bank*,
   459 U.S. 70 (1982) ................................................................................................................. 4

**Statutes**

12 U.S.C. § 5201 et seq. .............................................................................................................. 6

12 U.S.C. § 5219(a)(1) ................................................................................................................ 6

Bus. & Prof. Code § 17200 et seq. .............................................................................................. 7

Bus. & Prof. Code §17204 .......................................................................................................... 7

Cal. Civ. Code § § 2923.5(e)(1)-(2), 2923.5(c)(1), 2923.6(e)-(f), 2923.7, 2924 et seq. ....... 5

Civ. Code § 3 ............................................................................................................................... 4

Civ. Code § § 2923 & 2924 et. seq. .......................................................................................... 6

**Rules**

Fed. R. Civ. Proc. 12(b)(6) ......................................................................................................... 2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iii –

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

### **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    INTRODUCTION**

*Over six years ago*, Plaintiff David Sears ("Plaintiff") obtained a $384,000.00 loan to purchase property and later defaulted on his mortgage payment obligations.  Now, Plaintiff brings his First Amended Complaint ("FAC") against Defendants Bank of America, N.A. ("BANA") and various executives of BANA including Brian T. Moynihan, David C. Darnell, Gary G. Lynch, and Thomas K. Montag (collectively "Defendants") alleging that Defendants violated the Home Affordable Modification Program ("HAMP") and the newly enacted Homeowner Bill of Rights ("HBR"). However, despite being given the opportunity to amend his complaint to state a viable cause of action against Defendants, Plaintiff still fails to allege facts to support any of his claims, especially as against the individual defendants he names.  In short, Plaintiff's FAC fails as a matter of law for at least the following reasons:

- Plaintiff's first cause of action for violation of contractual rights pursuant to HAMP fails because his attempt to bootstrap HAMP to purported violations of HBR is improper;
- Plaintiff's first cause of action also fails because HBR is not retroactive, and he cannot point to any conduct within the purview of the statute;
- Plaintiff's first cause of action fails for the additional reason that HAMP does not provide a private right of action, and Plaintiff is not an intended beneficiary; and
- Plaintiff's UCL claim fails because his other claims fail, and it is insufficiently pled.

For the reasons set forth herein, Plaintiff has not pled facts sufficient to state a viable cause of action against Defendants, nor can these deficiencies be cured by amendment as demonstrated by Plaintiff's deficient FAC.  Therefore, Defendant's Motion to Dismiss should be granted without leave to amend.

### **II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

On or about June 21, 2007, Plaintiff entered into a $384,000.00 mortgage loan from Aegis Wholesale Corporation to purchase the real property located at 1830 Hidden Hills Drive, Roseville, California 95838 ("the Property").  *See* FAC ¶ 2; Request for Judicial Notice ("RJN"), Ex. A at 1. The Deed of Trust lists the Borrower as David M. Sears and Carol M. Sears as the Borrowers, the

– 1 –

1  Lender as Aegis Wholesale Corporation, and the Trustee as Commonwealth Land Title. *Id*. On
2  June 8, 2012, an Assignment of Deed of Trust was recorded whereby Mortgage Electronic
3  Registration Systems, Inc. ("MERS") as nominee for Aegis assigned all beneficial interest under the
4  DOT to M&T Bank. *Id.* Ex. B at 1. After Plaintiff failed to cure his default, on August 9, 2012, a
5  Notice of Default ("NOD") was recorded indicating arrears in the amount of $28,057.00. *Id.* Ex. C.
6  On November 15, 2012, a Notice of Trustee's Sale ("NOTS") was recorded. Plaintiff does not
7  allege a foreclosure sale has occurred.

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). Time barred claims and remedies are also properly disposed of on a motion to dismiss. *See King v. California,* 784 F.2d 910, 913-15 (9th Cir. 1986). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or

subject to judicial notice. *Schwartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

## IV.  LEGAL ANALYSIS

### A.  Plaintiff's First Cause of Action for Violation of Contractual Rights Pursuant to HAMP Fails As A Matter of Law

After the Court dismissed Plaintiff's HBR claims with leave to amend, Plaintiff attempts to salvage his deficient HBR claims by improperly bootstrapping HAMP requirements to HBR. In support of his newly pled cause of action for "violation of contractual rights pursuant to HAMP," Plaintiff improperly alleges that Defendants committed "dual tracking" by violating HAMP and HBR. *See* FAC ¶¶ 27-40. Plaintiff perfunctorily alleges that "HAMP and HUD servicing regulations" somehow mandate compliance with HBR.[1] However, the Court has already determined that HBR does not apply retroactively, and Plaintiff's improper attempt to tie purported violations of HBR to HAMP does not salvage his failing claim. In sum, Plaintiff's first cause of action for violation of HAMP fails because: (i) HBR does not apply retroactively; (ii) Plaintiff's claims are still insufficiently pled despite an opportunity to amend; (iii) HAMP does not provide a private right of action; and (iv) Plaintiff is not an intended beneficiary of HAMP. Thus, Plaintiff's first cause of action for violation of HAMP should be dismissed without leave to amend, as his FAC demonstrates

---

[1] After the Court dismissed Plaintiff's HBR claims with leave because the HBR does not apply retroactively and because his claims were insufficiently pled, Plaintiff now improperly attempts to bootstrap HAMP and HBR by alleging that "HAMP and HUD regulations require and Civil Code section[s] 2923.5, 2923.55, 2923.6 and 2923.7 codif[y]" a slew of requirements which Defendants purportedly failed to comport with. *See* FAC ¶¶ 27-40. Notably, Plaintiff still fails to provide a single fact in support of his claim aside from mere regurgitation of statutory language. *See id.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

that no amendment can salvage his futile claims.

### 1. Plaintiff Fails to Allege a Violation of HBR and His Claims are Still Insufficiently Pled

In a futile attempt to salvage his claims for violation of HBR, Plaintiff now asserts the same conclusory allegations from his original complaint under the guise of purported violations of "contractual rights pursuant to HAMP." *See id*. However, Plaintiff's HBR claim still fails as a matter of law because HBR does not apply retroactively, and his claim remains insufficiently pled.

#### a. HBR Does Not Apply Retroactively

Plaintiff's first cause of action for violation of HAMP, which subversively alleges violations of HBR, fails as a matter of law because HBR does not apply retroactively. Moreover, Plaintiff does not—and cannot—point to any actionable conduct under the purview of the statute.

Civil Code Section 3 states, "No part of [this Code] is retroactive, unless expressly so declared." It is long established that "Section 3 of the Civil Code embodies the common law presumption against retroactivity." *In re Marriage of Bouquet*, 16 Cal. 3d 583, fn. 3 (1976). Further, "in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application."[2] *Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1209 (1988). To overcome this presumption, a new law must either contain an express statement of retroactivity, or it must be evident from extrinsic sources. *See People v. Whaley*, 160 Cal. App. 4th 779, 794 (2008).

Here, there is nothing in the HBR language that expressly indicates the statutes are to apply pre-January 1, 2013, and there is no indication from extrinsic sources to infer retroactive application. Indeed, the introduction of AB 278 addresses "[e]xisting law, until January 1, 2013," specifically distinguishing the new laws from the pre-January 1, 2013 laws. There is no "unequivocal and inflexible" statement within the new laws that HBR need be applied retroactively. *Security Indus. Bank*, 459 U.S. at 79. *See also Michael J. Weber Living Trust v. Wells Fargo Bank,* 2013 WL

---

[2] The reasoning for this is simple: "the first rule of construction is that legislation must be considered as addressed to the future, not to the past…." *United States v. Security Indus. Bank*, 459 U.S. 70, 79 (1982).

– 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1196959, *4 (N.D. Cal. 2013) (finding that the HBR "does not state that it has retroactive effect). Accordingly, the new laws enacted under the HBR apply only prospectively—to events occurring on or after January 1, 2013.

As the Court has already found, "HBR contains no language explicitly making it retroactive and no extrinsic sources indicates the Legislature intended to make it retroactive." *See* Court's November 27, 2013, Order ("November Order"), pp. 5:20-21. Here, Plaintiff's FAC and recorded documents demonstrate that all conduct occurred prior to the enactment of HBR. The NOD was recorded in in August 2012, several months ***prior*** to the enactment of HBR. *See* FAC ¶ 20; RJN, Ex. C. On November 15, 2012, a Notice of Trustee's Sale ("NOTS") was recorded. FAC ¶ 22; RJN, Ex. D. Notably, Plaintiff cannot point to any actionable conduct in 2013 as the most recent conduct he alleges is Defendants' purported denial of receipt of documents in December 2012. *See* FAC ¶ 24. Plaintiff's own FAC concedes that his allegations cannot survive. Thus, as the HBR is not retroactive, Plaintiff's claims under HBR clearly fail as a matter of law, and his first cause of action for violation of HAMP should be dismissed without leave to amend.

### b.     **Plaintiff's HBR Claims Remain Insufficiently Pled**

Even if Plaintiff's claims did not fail for the aforementioned reason, Plaintiff's first cause of action still fails because, despite the opportunity to amend, he fails to *allege* a single fact in support of his conclusory claims. Plaintiff's first cause of action alleges numerous violations of HBR through the recitation of mere statutory language, as he conclusorily alleges that Defendants failed to comply with Cal. Civ. Code sections 2923.5(e)(1)-(2), 2923.5(c)(1), 2923.6(e)-(f), 2923.7, 2924 et seq.. *See* FAC ¶¶ 27-40. The totality of Plaintiff's first cause of action consists of mere regurgitation of the language of the statute and a perfunctory statement that Defendants did not comply. Accordingly, Plaintiff still "state[s] only in a conclusory manner that defendants violated the HBR, without providing any facts." *See* November Order, pp. 5:25-26. Thus, Plaintiff's first cause of action, which is wholly devoid of any factual or legal basis, demonstrates that no amendment can save his deficient claim, and his claims should be dismissed without leave to amend.

### 2.     **HAMP Does Not Provide A Private Right of Action**

After the opportunity to amend his Complaint, Plaintiff now makes unfounded assertions that

– 5 –

1  "Civil Code sections 2923 and 2924 et. seq. codify that such wrongful actions by Defendants violate
2  HAMP and HUD servicing regulation." *See* FAC ¶ 40.  Even if this bootstrapping of HBR to
3  HAMP regulations were proper or supported by any legal grounds—which it is not—Plaintiff's
4  claim regarding HAMP still fails because there is no private right of action to enforce HAMP.  *See*
5  12 U.S.C. § 5201 *et seq*.  Instead, Section 5201 *et seq.* empowers the Treasury to promulgate rules
6  and programs aimed at mortgage modification.  *See, e.g.*, 12 U.S.C. § 5219(a)(1).   Simply put, there
7  is no language in the statute supporting a claim that a private right of action exists. Federal district
8  courts have embraced this logic and have agreed that HAMP does not provide borrowers an
9  enforceable right of action. *See, e.g., Gonzalez v. First Franklin Loan Servs.*, 2010 WL 144862, *18
10 (E.D. Cal. 2010); *Santos v. Countrywide Home Loans*, 2009 WL 3756337, *3 (E.D. Cal. 2009).
11 Thus, Plaintiff's first cause of action for violation of HAMP fails on this basis alone.

### 3.    Plaintiff Is Not An Intended Beneficiary Of HAMP

13 Plaintiff's first cause of action also fails because he is not an intended beneficiary of any
14 HAMP contract. "Before a third party can recover under a contract, it must show that the contract
15 was made for its direct benefit—that it is an intended beneficiary of the contract." *Klamath Water*
16 *Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 2000).  An intended beneficiary
17 must be distinguished from an incidental beneficiary, which does not gain rights against the
18 promisor. *Id*. at 1211, n. 2.  In order for a third-party to enforce a government contract, there must
19 be a clear intent to make that party an intended beneficiary. *Id*.  "Clear intent" is not shown "by a
20 contract's recitation of interested constituencies . . . or even a showing that the contract 'operates to
21 the [third parties'] benefit and was entered into with [them] in mind.'" *County of Santa Clara v.*
22 *Astra USA*, *Inc*., 588 F.3d 1237, 1244 (9th Cir. 2009).  Instead, the precise language of the contract
23 must show a clear intent to confer such a benefit and "to rebut the presumption that the [third parties]
24 are merely incidental beneficiaries." *Id*.  Specifically in the HAMP context, numerous courts have
25 held that mortgage loan borrowers do not have standing as "intended beneficiaries" of HAMP
26 Participation Agreements.  *See, e.g.*, *Escobedo v. Countrywide Home Loans, Inc*., 2009 WL
27 4981618, at *3 (S.D. Cal. 2009).   Here, Plaintiff is not an intended beneficiary under any

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Participation Agreement and cannot rely on HAMP to support a cause of action.  Thus, Plaintiff's claim fails for this additional reason.

**B.      Plaintiff's UCL Claim Fails For Lack of Any Injury In Fact Or Proscribed Conduct**

Plaintiff's nearly identical second cause of action for violation of the UCL is based on baseless allegations that Defendants withheld various information and violated HAMP and HBR. *See* FAC ¶¶ 42-46.  However, Plaintiff still fails to provide any facts to support his claim and cannot rely on his deficient claims regarding HAMP.  *See* Section IV(A), *supra*.   Thus, Plaintiff's UCL claims fails as he cannot rely on any predicate acts to support his claim.

**1.      Plaintiff Lacks Standing To Assert A UCL Claim**

To have standing to pursue a claim under Business and Professions Code § 17200 *et seq.* (the "UCL"), a private plaintiff must allege that she "has suffered *injury in fact and has lost money or property*" as a result of the alleged unfair practices.  Bus. & Prof. Code §17204 (emph. added); *see R&B Auto Ctr., Inc. v. Farmers Grp., Inc.*, 140 Cal. App. 4th 327, 360 (2006) (plaintiff must have suffered monetary or property loss to recover under the UCL).[3]

Here, as the Court has already found, Plaintiff fails to allege how he has lost any money or property due to Defendants' alleged unfair practices.  *See* November Order, pp. 7:19-22 (finding that "Defendants correctly assert that plaintiff's UCL claim is not sufficiently pled because plaintiff does not point to an injury in fact and also does no support with sufficient facts his conclusory allegations that defendants committed unfair acts.").  The Property has not been foreclosed on, and any payments made, were made pursuant to the loan agreement.  *See* RJN, Ex. A.  Thus, Plaintiff lacks standing to assert a UCL claim.

**2.      Plaintiff's UCL Claim Also Fails Because It Is Insufficiently Pled**

Moreover, Plaintiff fails to allege any predicate acts of wrongdoing.  Under the "unlawful" prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).  Under a "fraud" theory, a plaintiff must show that "members of the

---

[3] On November 2, 2004, California voters approved Proposition 64, which amended the standing requirements of the UCL to add the "injury in fact" requirement.  *See Pfizer Inc. v. Super. Ct.*, 182 Cal. App. 4th 622, 632 (2010).

– 7 –

1  public are likely to be 'deceived'" by the defendant's practices. *In re Tobacco II Cases*, 46 Cal. 4th
2  298, 312 (2009) (citing *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002)).  "Unfair" conduct in UCL
3  actions must be violative of a public policy "tethered to specific constitutional, statutory, or
4  regulatory provisions." *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003).  Finally, "A
5  plaintiff alleging unfair business practices [under the UCL] must state ***with reasonable particularity***
6  the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal.*, 14 Cal. App.
7  4th 612, 617 (1993) (emph. added).  Further, claims under the UCL are limited to injunctive relief
8  and restitution; damages are not available. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th
9  1134, 1144 (2003) ("A UCL action is equitable in nature; damages cannot be recovered.").

10  Here, Plaintiff still fails to allege any specific facts showing any proscribed conduct, and
11  instead, relies only on generalized allegations lacking any specificity.  As the Court has found,
12  Plaintiff "does not plead sufficient facts to support his various allegations of unfair practices," and
13  Plaintiff still fails to state any facts supporting his claim that defendants engaged in dual tracking in
14  violation of any statute. *See* Section IV(A), s*upra*.

15  Thus, despite the opportunity to amend, Plaintiff still cannot show any injury or proscribed
16  conduct, and his UCL claim fails as a matter of law.  For the aforementioned reasons, Defendants
17  respectfully request that the Court grant their Motion to Dismiss without leave to amend.

18  **V.   CONCLUSION**

19  Plaintiff's FAC remains devoid of any legal or factual support, despite his futile attempt to
20  bootstrap his claims.  As the FAC remains insufficiently pled to support any cognizable cause of
21  action, and because it is clear no amendment can save his claims, Defendants respectfully request
22  the Court grant their Motion to Dismiss without leave to amend, and dismiss the action as against
23  Defendants.

24  DATED:  January 3, 2014           REED SMITH LLP

25

26  By:   */s/ Alice E. Choy*
        Alice E. Choy
27      Attorneys for Defendants  Bank of America, N.A.
        (sued erroneously as "Bank of America"), Brian T.
        Moynihan, David C. Darnell, Gary G. Lynch, and
28      Thomas K. Montag

– 8 –